**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **HIGHLAND LAKES FURNITURE CENTER INC.** Plaintiff | § | |
| **VERSUS** | § | **CIVIL ACTION NO.** 1:15-CV-423 |
| **THE HANOVER INSURANCE COMPANY AND BRADFORD TAYLOR** Defendant | § | **[JURY DEMANDED]** |

**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, THE HANOVER INSURANCE COMPANY ("Hanover"), and files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and would show this Court as follows:

## I. PROCEDURAL HISTORY

1. On April 1, 2015, Plaintiff, Highland Lakes Furniture Center, Inc. ("Plaintiff") filed its Original Petition and initiated an action against Defendants, Hanover and Bradley Taylor (incorrectly named "Bradford Taylor" and hereinafter referred to as "Taylor"), in the 424th Judicial District Court of Burnet County, Texas, in Cause No. 43965 (the "State Court Action"). *See* Exhibit "2" attached hereto and incorporated herein by reference.

2. Hanover was served on April 22, 2015, with a copy of the Citation and Plaintiff's Original Petition. See Exhibit "3" for a copy of the Citation attached hereto and incorporated herein by reference; See Exhibit "5" for a copy of the Citation return.. Hanover has filed an answer in the State Court Action. Attached as Exhibit "6" is Hanover's Answer.

3. Bradley Taylor has not yet been served. See Exhibit "4" for a copy of the Citation attached hereto and incorporated herein by reference. Taylor has filed an answer in the State Court Action. *See* Exhibit "7". Taylor consents and joins in this removal.

4. Defendant's Notice of Removal was filed on May 19, 2015, which is within the thirty-day statutory time period for removal under 28 U.S.C. § 1446(b).

## II. FACTUAL BACKGROUND

5. Hanover provided businessowners' coverage to Plaintiff under Policy No. OHC-9531337 for the properties located at 1500 Highway 1431 (Location 1) and 1500 Highway 1431 West (Location 2), Marble Falls, Texas 78654 (the "Properties"), effective April 25, 2012 to April 25, 2013 (the "Policy"). The Policy provides the following limits: (1) $1,511,719 for the building at Location 1; (2) $442,500 for the building at Location 2; (3) $369,100 for business personal property at Location 1; and (4) $104,500 for business personal property at Location 2, subject to a $1,000 deductible.

6. This suit arises out of a claim for wind/or hail damages the Plaintiff allegedly sustained during the Policy period. Plaintiff, however, fails to identify a specific date or dates of loss in its Petition. *See* Exhibit 2, p. 3 ¶3.

7. Plaintiff's Petition asserts contractual and extra-contractual causes of action arising out of Hanover's handling of Plaintiff's insurance claim. *See* Exhibit 2. Generally, Plaintiff's allegations are against the "Insurance Defendant" (*i.e.* Hanover) and/or Defendants interchangeably, and do not allege specific wrongful outside of bare statutory language or black letter common law standards. Indeed, "Adjuster Defendant" (*i.e.* Taylor) is only mentioned once in the "Facts" section of the Petition, and the assertion is that he, "conducted an outcome-oriented investigation." *See* Exhibit 2, pp. 3-5.

8. Plaintiff does include cursory allegations against Taylor under the Texas Insurance Code. Specifically, that he violated Insurance Code §§ 542.003(b)(5) and 541.060 and 28 TAC 21.203(5), by ignoring purportedly covered damages under the Policy and failing to timely request information, etc. These allegations, however, are not actionable as a matter of law, because they are either the same claims asserted against his employer, Hanover, or the purported facts do not support recovery under the cited statutory provisions. Plaintiff's Petition seeks to recover the cost of hail/wind damage, treble damages for purportedly "knowing" or "intentional" acts, mental anguish damages, prompt payment penalties, attorneys' fees, interest and costs.

9. Hanover does not admit the underlying facts alleged by Plaintiff and expressly denies liability to Plaintiff.

## III. DIVERSITY JURISDICTION

10. Plaintiff, Highland Lakes Furniture Center, Inc. is a corporation organized under the laws of Texas with its principal place of business in Burnet County, Texas.

11. Defendant, Hanover, is a New Hampshire corporation, duly authorized and existing under the laws of the State of New Hampshire, with its principal place of business in the Commonwealth of Massachusetts.

12. Defendant, Taylor, is an individual residing in the state of Texas. As there is no reasonable basis for the district court to predict that Plaintiff might be able to recover against Taylor, his citizenship should be disregarded for purposes of determining diversity jurisdiction.

### A. Amount in Controversy

13. The amount in controversy under 28 U.S.C. § 1332(a) is determined by reference to the plaintiff's pleadings. The damages the Plaintiff claims in its petition, if apparently claimed in good faith, are controlling. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288

(1938). Attorney's fees are an element of the amount in controversy where their recovery is authorized by a statute under which the plaintiff sues. *H&D Tire & Auto. Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir. 2000), cert. denied, 534 U.S. 894 (2001).

14. Plaintiff admits in its Petition that it seeks damages in excess of $200,000. *See* Exhibit "2", p. 13. Thus, the total economic damages and attorneys' fees being sought are well in excess of the jurisdictional minimum amount in controversy.

**B. Diversity of Parties- Improper Joinder of Taylor.**

15. A case may be removed despite a non-diverse defendant if that defendant was improperly joined, meaning the defendant was named improperly for the sole purpose of destroying diversity. *See Hornbuckle v. State Farm Lloyds,* 585 F.3d 538, 545 (5th Cir. 2004). The improper joinder can be established when there is either (1) actual fraud in the plaintiff's pleading of the jurisdictional facts or (2) when the plaintiff has no possibility of establishing a cause of action against a non-diverse defendant in state court. *Smallwood v. Illinois Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004).

16. To establish improper joinder, a defendant must show "that there is no reasonable possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* at 573. To evaluate the question of an improper joinder, courts perform a Rule 12(b)(6)-type analysis, looking at the allegations of the petition to determine whether the petition states a claim under state law against the non-diverse defendant. *Id.*

17. Hanover does not assert actual fraud in the joinder of Taylor; rather, Hanover asserts that Plaintiff's allegations against Taylor cannot support recovery against him in the State Court

Action. The Fifth Circuit has clearly held that in order to find a reasonable possibility that a Texas court would allow recovery against an insurance adjuster, the plaintiff must demonstrate that the adjuster, as an individual, committed the violation that caused harm. *Hornbuckle,* 385 F.3d at 545 (citing *Liberty Mutual Ins. Co. v. Garrison Contractors,* 966 S.W.2d 482 (1998); *see also Frisby v. Lumbermans Mut. Cas. Co.*, 500 F.Supp. 2d 697, 700 (S.D. Tex. 2007).

**i. Causes of Action against "Insurance Defendant"**

18. The majority of Plaintiff's causes of action are asserted against "Insurance Defendant". Indeed, the entire fact section of the Plaintiff's petition points the finger at the "Insurance Defendant" and only references "Adjuster Defendant" once. Plaintiff asserts violations of the of the Texas Insurance Code, prompt payment violations, breach of contract, and negligence against the "Insurance Defendant." These claims are not made against Taylor in his individual capacity.

**ii. Insurance Code Violations Alleged against Taylor**

19. Section VI of Plaintiff's Original Petition purports to identify certain violations of the Texas Insurance Code against Taylor specifically. However, Plaintiff fails to allege facts in support of claims against Taylor *independently,* or to allege separate damages attributable to Taylor outside of the course and scope of his duties as an adjuster. Plaintiff's allegations against Taylor are virtually identical to those of the "Insurance Defendant." As Judge Harmon of the Southern District of Texas recently held, "when an adjuster's actions 'can be accomplished by [the insurer] through an agent' and when claims against the adjuster are identical to those against the insurer, the adjuster's actions 'are indistinguishable from [the insurer's] actions and hence are insufficient to support a claim against the adjuster." *Novelli v. Allstate Texas Lloyd's,* 2012 WL 949675 (S.D. Tex. March 19, 2012).

20. Further, the claims Plaintiff asserts against Taylor do not allow recovery against him. Plaintiff alleges in its Petition that Taylor specifically violated Insurance Code §542.003(b)(5) and 28 TAC 21.203(5). However, Section 542 and 28 TAC 21.203(5) are only applicable to insurers, not individuals (i.e. adjusters). *See* Tex Code Ann. §542.001 *et seq.* and 28 TAC 21.202. Taylor is not an insurer, and therefore, he cannot be held liable under these.

21. Plaintiff also seeks to recover damages from Taylor under the Prompt Payment of Claims Act. The Prompt Payment of Claims Act, however, applies only to insurer. *See* Tex. Ins. Code §542.060(a). Taylor is not an insurer, and therefore he cannot be held liable under it.

22. Plaintiff further alleges in its Petition that Taylor violated the Insurance Code under Section 541. For an adjuster to be held individually liable under Section 541, he must have committed some act that is prohibited by this section, not just be connected to an insurance company's denial of coverage. *Messersmith v. Nationwide Mut. Fire Ins. Co.,* 10 F.Supp.3d 721 (N.D. Tex. 2014). Indeed, none of the Plaintiff's claims under Section 541 are viable.

23. In its petition, Plaintiff asserts that Taylor misrepresented one or more material facts and/or policy provisions related to coverage; however, Plaintiff does not identify what Taylor's misrepresentations were. The misrepresentation must be about the details of a policy, not the facts giving rise to a claim for coverage. *See Messersmith,* 10 F. Supp.3d at 724. Plaintiff's claim for misrepresentation fails because Taylor was not a retail agent involved in the sale of the policy – and Plaintiff does not allege that he was – so, he could not have made any representation that Plaintiff could have relied upon. A post-loss representation, even if erroneous, is not actionable because the claimant cannot show any reliance to their detriment. *South Texas Nat. Bank of Laredo v. U.S. Fire Ins. Co.*, 640 F.Supp. 278, 280-81 (S.D. Tex., 1985). Plaintiff has not alleged that Taylor made misrepresentations about the breadth or existence of coverage, and

therefore, Plaintiff cannot recover from Taylor under this claim.

24. Plaintiff also generally asserts that Taylor violated §541.060, presumably §541.060(a)(2), which prohibits "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement" of claims where the insurer's liability becomes reasonably clear. In essence, the section forces companies to pay a claim when the evidence is "reasonably clear" that it must. *See Messersmith,* 10 F.Supp.3d at 724. Plaintiff's claims for damages against Taylor under this section "arises out of [Hanover's] failure to pay Plaintiff's claim, which is insufficient to establish a claim for damages against [Taylor.]" *DeCluette v. State Farm Lloyds,* 2013 WL 607320 at *4 (N.D. Tex. Feb. 19, 2013). As an adjuster, Taylor cannot be held liable under this section because as an adjuster. *Id.* Consequently, Plaintiff cannot recover against Taylor for this claim.

25. The remaining allegations for violations under Section 541.060 are also duties of an insurer which Taylor did not have, such as accepting or rejecting a claim, making coverage decisions, communicating coverage decisions, and refusing to pay without conducting a reasonable investigation. Like the previous claims, the bad behavior that the statute targets is an insurer's refusal to pay under certain circumstances. *Messersmith,* 10 F.Supp. at 725. Since these claims could only be successful against an insurer, not the individual responsible for conducting the investigation, Plaintiff has failed to plead a viable claim against Taylor for violation of these provisions of the Texas Insurance Code. *Id.*

26. Moreover, Plaintiff never states a factual basis for its claims at Taylor committed fraud and/or conspiracy to commit fraud. Regardless of this pleading defect, Plaintiff can never prevail on their claim for DTPA because Plaintiff is not a "consumer" of Taylor under the DTPA and because Plaintiff's complaint is for underpayment on the claim. Moreover, Plaintiff cannot

show reliance on any post-loss statement by Taylor that caused it any harm. Thus, Plaintiff has no reasonable basis for recovery on this claim either.

## INFORMATION FOR THE CLERK

27. Plaintiff: Highland Lake Furniture Center, Inc.

28. Defendants: The Hanover Insurance Company and Bradford ("Bradley") Taylor

29. The case is pending in the state court of Burnet County:
Judicial District Court
Honorable Evan Stubbs
1701 E. Polk Street
Burnet, Texas 78611
Phone: (512) 756-5436

30. A civil cover sheet is attached.

31. A copy of the state court's docket sheet is attached as Exhibit "1."

32. A copy of Plaintiff's Original Petition is attached as Exhibit "2."

33. A copy of the citation on Hanover is attached as Exhibit "3."

34. A copy of the citation on Taylor is attached as Exhibit "4."

35. A copy of the citation return on Hanover is attached as Exhibit "5."

36. A copy of the answer for Hanover is attached as Exhibit "6."

37. A copy of the answer for Taylor is attached as Exhibit "7."

38. Notice of Removal filed in State Court is attached as Exhibit "8."

39. An Index of Matters Being Filed is attached.

40. There are no other pleadings in state court.

41. Counsel for Plaintiff:
Kevin S. Baker
Mahsa Tajipour
KETTERMAN, ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Phone: 210-490-7402

Email: kevin@krwlawyers.com
mahsa@krwlawyers.com

42. Counsel for Defendants, Hanover and Taylor:
Mark C. Dodart
Peri H. Alkas
PHELPS DUNBAR LLP
500 Dallas, Suite 1300
Houston, Texas 77002
Phone: 713-626-1386
E-Mail: mark.dodart@phelps.com
peri.alkas@phelps.com

***Jury Demand***

43. Plaintiff demanded a jury trial in state court.

44. Defendants demanded a jury trial in state court and hereby request a trial by jury in federal court as well.

***Miscellaneous***

45. On the same day this Notice of Removal was filed, Defendant filed notice of this removal in the State Court Action. A copy of this Notice of Removal filed in the State Court Action is attached as Exhibit "8."

46. Because Plaintiff is a Texas corporation; Defendant, Hanover is a business organized under laws of New Hampshire and having its principal place of business in Massachusetts; the citizenship of Defendant, Bradley Taylor, should be disregarded; and the amount in controversy exceeds $75,000, the Court has subject matter jurisdiction based on diversity of citizenship and residency. 28 U.S.C. § 1132. As such, this removal action is proper.

WHEREFORE, Defendant, The Hanover Insurance Company, respectfully requests that the above entitled action be removed from the 424th District Court of Burnet County, Texas, to the United States District Court for the Western District of Texas, Austin Division.

Respectfully submitted,

By: /s/ P. Alkas

Peri H. Alkas; Texas Bar No. 00783536
Federal Bar No. 15785
ATTORNEY-IN-CHARGE
PHELPS DUNBAR, LLP
500 Dallas, Suite 1300
Houston, Texas 77002
Telephone (713) 626-1386
Facsimile (713) 626-1388
Email: peri.alkas@phelps.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT, THE HANOVER INSURANCE COMPANY**

**OF COUNSEL:**
**PHELPS DUNBAR LLP**
Mark C. Dodart
Texas Bar No. 00792286
Tessa P. Vorhaben
La State Bar No. 32193
*Pro Hac Vice* application pending
365 Canal Street, Suite 2000
New Orleans, La 70130
Telephone (504) 566-1311
Facsimile (504) 568-9130
Mark.Dodart@phelps.com
Tessa.Vorhaben@phelps.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been served upon all counsel as listed below by placing a copy of same in the United States mail, certified, return receipt requested, facsimile, electronically, and/or hand delivery on May 19, 2015.

Kevin S. Baker.
Mahsa Tajipour
KETTERMAN, ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, TX 78232

VIA CM/RRR: 7012 3460 0003 3234 5216
& VIA E-MAIL: kevin@krwlawyers.com
mahsa@krwlawyers.com

Peri Alkas/Mark C. Dodart



PD.17157834.1